UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| NORMERICA INTERNATIONAL CORPORATION, a Barbados corporation; and NORMERICA INC., an Ontario corporation,<br><br>        Plaintiffs,<br><br>v.<br><br>LITTERPURRFECT, L.P., a California limited partnership; and IN BOCCA AL LUPO, INC., a California corporation,<br><br>        Defendants. | Case No.: 3:18-cv-0538-CAB-MDD<br><br>**ORDER ON MOTION FOR LEAVE TO FILE SECOND AMENDED COUNTERCLAIM**<br>**[Doc. No. 49.]** |
|---|---|

This matter comes before the Court on Defendant LitterPurrfect L.P's Motion for Leave to File a Second Amended Counterclaim. [Doc. No. 49.] The motion has been fully briefed and the Court finds it suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1).

### I.  Procedural Background

On March 14, 2018, Plaintiffs Normerica International Corporation and Normerica Inc. (collectively "Normerica") filed suit in this action alleging breach of contract, quantum meruit and open book claims against Defendants. [Doc. No. 1.] The claims stem from the

parties long standing business relationship whereby Normerica supplied Costco with all the cat litter products that LitterPurrfect ("LP") had sold to Costco. [Doc. No. 1 at ¶ 9.]

The complaint was amended on March 22, 2018 and continues to allege the same three causes of action. [Doc. No. 6.] Defendants answered, with LP filing a counterclaim. [Doc. Nos. 11, 12.]

On April 9, 2018, Normerica sought a writ of attachment which was granted by the Court on May 4, 2018. [Doc. Nos. 8, 21.]

On April 30, 2018, Normerica moved to dismiss LP's counterclaims. [Doc. No. 18.] LP responded by filing an Amended Counterclaim. [Doc. No. 23.]

Upon the filing of the Amended Counterclaims, Normerica again moved to dismiss on June 11, 2018 [Doc. No. 29]. Counterclaim-defendants Lawrence Katz and Keith Wilson also filed a motion to dismiss on July 27, 2018 [Doc. No. 49]. The motions have been fully briefed. [Doc. No. 52, 55]

Additional motion practice has also occurred. On June 29, 2018, Normerica filed a Motion for Summary Judgment [Doc. No. 31] which was denied by the Court [Doc. No. 58]. On the same day, Normerica also filed an Emergency Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt of Court [Doc. No. 34]. On July 18, 2018 an oral hearing was held on the emergency motion, with the Court declining Normerica's request. [Doc. Nos. 46, 47.]

On August 1, 2018, Defendant LP filed a Motion for Leave to File a Second Amended Counterclaim [Doc. No. 49][1]. Defendant LP now seeks to amend to add three new causes of action namely: federal unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(A); common law trademark infringement; and state and

---

[1] The Scheduling Order issued by Judge Dembin gave the parties up to August 3, 2018, to file any motion to amend the pleadings. [Doc. No. 38 at ¶ 2.]

common law unfair competition. Normerica filed a response in opposition to LP's motion [Doc. Nos. 52] and LP filed its reply [Doc. No. 57].

## II. Discussion

Defendant seeks leave to amend under Federal Rule of Civil Procedure 15(a), which states "[t]he court shall freely give when justice so requires." Fed. R. Civ. P. 15(a)(2).

Courts commonly use four factors to determine the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. *Ditto v. McCurdy,* 510 F.3d 1070, 1078-79 (9th Cir. 2007); *Loehr v. Ventura Cnty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984); *Howey v. United States,* 481 F.2d 1187, 1190 (9th Cir. 1973). These factors, however, are not of equal weight, with delay alone being an insufficient ground for denial of leave to amend. *United States v. Webb,* 655 F.2d 977 (9th Cir. 1981). "When weighing these factors . . . all inferences should be made in favor of granting the motion to amend." *Hofstetter v. Chase Home Fin., LLC,* 751 F. Supp. 2d 1116, 1122 (N.D. Cal 2010) (citing *Griggs v. Pace Am. Grp., Inc.,* 170 F.3d 877, 880 (9th Cir. 1999)).

Normerica opposes amendment on the grounds that LP has had knowledge of the alleged trademark claims since May 24, 2018, yet did not move to add these claims until August 1, 2018, meaning "LP's attempt to now seek leave to file a SAC is nothing more than a meritless distraction from pending motions." [Doc. No. 54 at 4.] Further, Normerica cites to the inevitable undue delay that will result from adding claims to the litigation, the prejudice it will suffer from having to expend resources responding to a third counterclaim and the fact LP has already had the opportunity to amend its counterclaim as justification for why leave should be denied.

For the reasons detailed below, the Court holds that allowing Defendant LP to file an amended counterclaim would not prejudice Normerica and that Normerica has not made a "strong showing" of futility necessary to overcome the presumption in favor of granting leave to amend. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

*Futility of Amendment*

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988); *see also California v. Neville Chem. Co.*, 358 F.3d 661, 673-74 (9th Cir. 2004) ("Futility includes the inevitability of a claim's defeat on summary judgment.") (quoting *Johnson v. Am. Airlines, Inc.*, 834 F.2d 721, 724 (9th Cir. 1987)). Futile amendments to a complaint should not be permitted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987) (citations omitted.).

Here, the amended counterclaim alleges trademark infringement and violations of protections for LP's longstanding use of the name "LitterPurrfect." Normerica does not make any reference to the futility of LP's new claims in its opposition. Accordingly, the Court cannot conclude that amendment of Defendant's counterclaim would be clearly futile.

*Undue Prejudice*

The Ninth Circuit and others have held that "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital,* 316 F.3d at 1052. The party opposing a motion to amend bears the burden of showing prejudice. *DCD Programs,* 833 F.2d at 187. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.*

Here, Normerica contends that allowing amendment would extend the length of the judicial proceedings and delay this litigation, and that it would be prejudiced because of the additional time and costs associated with briefing another motion to dismiss. But the Court is not persuaded that Normerica would be unduly prejudiced by the addition of the news claim because the additions will neither "greatly alter[] the nature of the litigation [nor] require[] [Normerica] to . . . undertake[], at a late hour, an entirely new course of defense." *See Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990); *see also Sierra Club v. Penfold,* 857 F.2d 1307, 1315 (9th Cir. 1988) ([O]nce the

4

defendant is in court on a claim arising out of a particular transaction or set of facts, he is not prejudiced if another claim, arising out of the same facts, is added."). LP's amendment relates to facts beginning in March 2018 when Normerica filed a trademark application for Simply Purrfect, will therefore not require voluminous discovery and will have little impact on the length of the judicial proceedings since the trial date is not until May 20, 2019, and discovery is still ongoing. While there is some evidence that Normerica will be prejudiced by the addition of the new claims, it does not rise to the level sufficient for the Court to consider it to be "unduly" prejudicial. Therefore, this factor weighs in favor of granting leave to amend.

*Undue Delay*

Normerica takes issue with the fact that Defendant LP waited over two months, until August 1, 2018 to file the current motion, arguing that LP was aware of the facts giving rise to the alleged new trademark related claims as early as May 24, 2018 when it sent its first set of requests for production of documents to Normerica. [Doc. No. 54 at 3-4.] Defense counsel maintains that he did not acquire the necessary information to file the trademark violation claims until late July of 2018. [Doc. No. 57-1.] The Court finds nothing untoward in Defendant's behavior. Defendant filed the leave to amend two days before the deadline set by the Court and in a timely manner once it became aware of the alleged trademark infringement. Thus, the Court does not find this factor weighs against granting the leave to amend. *See Howey,* 481 F.2d at 1190-91 (delay alone is not sufficient to justify the denial of a motion requesting leave to amend).

*Bad Faith*

There is nothing in the record to suggest that the leave to amend is being sought in bad faith, therefore there is no cause to deny the leave to amend on this basis.

*Prior Amendments*

Normerica argues that Defendant's previously amended pleading supports denial of the leave to amend. *See DCD Programs,* 833 F.2d at 186 (providing "a district court's discretion over amendments is especially broad 'where the court has already given a

5

3:18-cv-0538-CAB-MDD

defendant is in court on a claim arising out of a particular transaction or set of facts, he is not prejudiced if another claim, arising out of the same facts, is added."). LP's amendment relates to facts beginning in March 2018 when Normerica filed a trademark application for Simply Purrfect, will therefore not require voluminous discovery and will have little impact on the length of the judicial proceedings since the trial date is not until May 20, 2019, and discovery is still ongoing. While there is some evidence that Normerica will be prejudiced by the addition of the new claims, it does not rise to the level sufficient for the Court to consider it to be "unduly" prejudicial. Therefore, this factor weighs in favor of granting leave to amend.

*Undue Delay*

Normerica takes issue with the fact that Defendant LP waited over two months, until August 1, 2018 to file the current motion, arguing that LP was aware of the facts giving rise to the alleged new trademark related claims as early as May 24, 2018 when it sent its first set of requests for production of documents to Normerica. [Doc. No. 54 at 3-4.] Defense counsel maintains that he did not acquire the necessary information to file the trademark violation claims until late July of 2018. [Doc. No. 57-1.] The Court finds nothing untoward in Defendant's behavior. Defendant filed the leave to amend two days before the deadline set by the Court and in a timely manner once it became aware of the alleged trademark infringement. Thus, the Court does not find this factor weighs against granting the leave to amend. *See Howey,* 481 F.2d at 1190-91 (delay alone is not sufficient to justify the denial of a motion requesting leave to amend).

*Bad Faith*

There is nothing in the record to suggest that the leave to amend is being sought in bad faith, therefore there is no cause to deny the leave to amend on this basis.

*Prior Amendments*

Normerica argues that Defendant's previously amended pleading supports denial of the leave to amend. *See DCD Programs,* 833 F.2d at 186 (providing "a district court's discretion over amendments is especially broad 'where the court has already given a

5
3:18-cv-0538-CAB-MDD

plaintiff one or more opportunities to amend his complaints….'" (quoting *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980)). But, the facts related to the trademark infringement issues were not known to LP until after the previous amendment was filed. Considering the circumstances surrounding the earlier amendment, the Court does not find this factor weighs against granting the leave to amend.

### III. Conclusion

Accordingly, the Court **GRANTS** Defendant's motion [Doc. No. 49] for leave to file a second amended counterclaim. The Clerk SHALL DOCKET the Exhibit attached to the motion for leave to file second amended counterclaim [Doc. No. 49-5] as Defendant LitterPurrfect's Second Amended Counterclaim. Counter-Claim Defendants Normerica, Lawrence Katz and Keith Wilson shall respond to the amended counterclaim within the limits established by the Federal Rules of Civil Procedure. In light of the amended pleading, the Court **HEREBY DENIES WITHOUT PREJUDICE** and **AS MOOT** the pending Motions to Dismiss [Doc. Nos. 29, 48].

It is **SO ORDERED**.

Dated: September 20, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge