UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMERICA INTERNATIONAL CORPORATION and NORMERICA INC.,<br><br>Plaintiffs,<br><br>v.<br><br>LITTERPURRFECT, L.P. and IN BUCCO AL LUPO, INC.,<br><br>Defendant.<br><br>LITTERPURRFECT, L.P.,<br><br>Counter Claimant,<br><br>v.<br><br>NORMERICA INTERNATIONAL CORPORATION, NORMERICA INC., ,<br><br>Counter Defendants. | Case No.: 18-CV-538-CAB-MDD<br><br>**ORDER DENYING DEFENDANTS' MOTION TO REDUCE THE AMOUNT OF THE WRIT OF ATTACHMENT OR TO INCREASE THE AMOUNT OF THE UNDERTAKING**<br><br>[Doc. No. 89] |

On May 4, 2018, after briefing and a hearing attended by both sides, the Court granted an application for writ of attachment filed by Plaintiffs Normerica International Corporation and Normerica, Inc. (together, "Normerica"). The order stated that Normerica has the right to attach the property of Defendant LitterPurrfect, L.P. in the amount of $1,489,171.98 upon Normerica's posting of an undertaking in the amount of $10,000. [Doc. No. 21.] LitterPurrfect and its general partner and co-defendant In Bucco Al Lupo, Inc. ("IBAL") now move to have the amount of the writ of attachment reduced, or in the alternative, to have the amount of Normerica's undertaking increased. The motion has been fully briefed, and the Court deems it suitable for submission without oral argument.

Normerica points out numerous procedural irregularities with the motion, including whether it is a properly filed motion for reconsideration or motion for relief from judgment under the federal rules, and whether the California Code of Civil Procedure (which provides for attachment in the first instance) allows a defendant who contested the original imposition of a writ to later seek a reduction in the amount of the writ. Although these arguments may have merit, the Court need not address them because even assuming that Defendants' motion is procedurally proper, the Court is not persuaded that either a reduction in the amount of the writ or an increase in the amount of the undertaking is warranted.

As for the request for a reduction of the amount of the writ, Defendants' motion is premised on what they claim is "new evidence" that the writ was overstated by $416,440.13, the amount of one invoice for packaging submitted by Normerica with its original writ application. Defendants' arguments, however, are premised on speculation that the packaging invoice is duplicative, and speculation that Normerica has reused the packaging for a competing product it now sells. The only evidence Defendants offer as supporting its speculation is out-of-context testimony from a Normerica executive and a declaration from a Canadian consumer who claims to have purchased LitterPurrfect's cat litter and Normerica's competing "Simply Purrfect" cat litter and thinks that the jugs in which the litter is contained are the same type of jug. Even assuming the admissibility of

this random consumer's opinion (a questionable proposition at best), Normerica has offered testimony from its executive that both explains her deposition testimony and explains why the consumer believed the cat litter jugs to be similar even though they could not have been the same jugs that are the subject of the packaging invoice to LitterPurrfect. The executive further stated unequivocally that Normerica did not use the packaging that was the subject of the invoice to LitterPurrfect for Simply Purrfect cat litter, and that the LitterPurrfect packaging remains in Normerica's possession. Accordingly, Defendants have not demonstrated that a reduction in the amount of the writ of attachment is warranted.

Defendants' alternative request that amount of the undertaking be increased also fails. As stated in the Court's prior order, the "undertaking should be 'in an amount sufficient to indemnify [defendant] for damages likely to result from the levy of attachment in the event the attachment ultimately proves to have been "wrongful."'" [Doc. No. 21 at 9 (quoting *N. Hollywood Marble Co. v. Superior Court*, 157 Cal. App. 3d 683, 690 (Cal. Ct. App. 1984).] Defendants made no arguments as to the amount of the undertaking in opposition to Plaintiffs' writ application, and therefore have waived any argument as to what amount of undertaking is reasonable. Regardless, Defendants once again make no arguments for why the undertaking is insufficient to indemnify them for damages if the attachment is deemed wrongful. Accordingly, there are no grounds to increase the amount of the undertaking.

In light of the foregoing, Defendants' motion is **DENIED**.

It is **SO ORDERED**.

Dated: January 30, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge

3

18-CV-538-CAB-MDD