UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMERICA INTERNATIONAL CORPORATION and NORMERICA INC.,<br><br>Plaintiffs,<br><br>v.<br><br>LITTERPURRFECT, L.P. and IN BUCCO AL LUPO, INC.,<br><br>Defendant. | Case No.: 18-CV-538-CAB-MDD<br><br>**ORDER ON NORMERICA'S MOTION TO DISMISS THIRD AMENDED COUNTERCLAIM**<br><br>[Doc. No. 96] |
| LITTERPURRFECT, L.P.,<br><br>Counter Claimant,<br><br>v.<br><br>NORMERICA INTERNATIONAL CORPORATION, NORMERICA INC., LAWRENCE KATZ, and KEITH WILSON,<br><br>Counter Defendants. | |

Plaintiffs Normerica International Corporation and Normerica Inc. (together, "Normerica") initiated this lawsuit against Defendants Litterpurrfect, L.P. ("Litterpurrfect" or "LP"), and In Bucco Al Lupo, Inc. ("IBAL"), with a complaint filed on March 14, 2018.

Almost a year later, the matter is now before the Court on Normerica's motion to dismiss counterclaim number five for breach of contract from Litterpurrfect's answer and third amended counterclaim ("TAC").

Normerica makes two arguments in support of its motion. First, it argues that the TAC fails to adequately plead all of the elements of a breach of contract claim. In connection with this argument, the parties dispute the level of particularity with which a breach of contract claim must be pled. Whether a breach of contract claim filed in federal court can survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is governed by Rule 8 and the oft-cited Supreme Court cases of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted). Applying these standards, the TAC sufficiently states a breach of contract claim, but just barely.

Second, Normerica argues that an indemnification agreement in the contract in question bars Litterpurrfect from asserting a breach of contract claim against Normerica. None of the cases cited by Normerica for this argument stand for the proposition that an indemnification provision contained in a contract (even a broad provision such as the one in question here) could be construed as excusing the party receiving the benefit of the indemnity from any liability for a claim of breach of the contract itself brought by the other party to the contract. Litterpurrfect correctly characterizes this argument as absurd.

Accordingly, Normerica's motion to dismiss is **DENIED**.

It is **SO ORDERED**.

Dated: February 25, 2019

Hon. Cathy Ann Bencivengo
United States District Judge